MORGAN ET AL., APPELLANTS, *v.* CHILDREN'S HOSPITAL; GARVIN, APPELLEE.

[Cite as Morgan *v.* Children's Hospital (1985), 18 Ohio St. 3d 185.]

(No. 84-756—Decided July 17, 1985.)

186

*Wolske & Blue, Walter J. Wolske, Jr.,* and *Jason A. Blue,* for appellants.

*Nurenberg, Plevin, Jacobsen, Heller & McCarthy Co., L.P.A., William A. Davis* and *Marshall I. Nurenberg,* for appellee.

CLIFFORD F. BROWN, J. It must be noted at the outset of this opinion that the doctrine of *res ipsa loquitur* is only a rule of evidence which allows the trier of fact to draw an inference of negligence from the facts presented. The trier of facts is permitted, but not compelled, to find negligence.[1] This rule is set forth in *Jennings Buick, Inc.* v. *Cincinnati* (1980), 63 Ohio St. 2d 167, at 169-170 [17 O.O.3d 102]:

"The doctrine of *res ipsa loquitur* is not a substantive rule of law furnishing an independent ground for recovery; rather, it is an evidentiary rule which permits, but does not require, the jury to draw an inference of negligence when the logical premises for the inference are demonstrated. * * *

"The doctrine of *res ipsa loquitur* does not alter the nature of the plaintiff's claim in a negligence action; it is merely a method of proving the defendant's negligence through the use of circumstantial evidence. The only way in which a defendant might conceivably be prejudiced by the invocation of the doctrine is where only a specific allegation of negligence is pleaded, and the inference to be drawn from the plaintiff's proof is inconsistent with the theory of negligence set forth in the complaint. * * *"

The two prerequisites which must be met to warrant an instruction to

---

[1] See Prosser & Keeton, Law of Torts (5 Ed. 1985) 257-258, Section 40, which reads in pertinent part:

"In the ordinary case, absent special circumstances or some special relation between the parties, the great majority of the American courts regard res ipsa loquitur as no more than one form of circumstantial evidence. 'Where there is no direct evidence to show cause of injury, and the circumstantial evidence indicates that the negligence of the defendant is the most plausible explanation for the injury, the doctrine applies.' The inference of negligence to be drawn from the circumstances is left to the jury. They are permitted, but not compelled to find it. The plaintiff escapes a nonsuit, or a dismissal of his case since there is sufficient evidence to go to the jury; but the burden of proof is not shifted to the defendant's shoulders nor is any 'burden' of introducing evidence usually cast upon the defendant except in the very limited sense that if he fails to do so, he runs the risk that the jury may very well find against him."

the jury on *res ipsa loquitur,* which have been set forth by this court in *Hake* v. *Wiedemann Brewing Co.* (1970), 23 Ohio St. 2d 65, 66-67 [52 O.O.2d 366], are as follows:

"To warrant application of the rule a plaintiff must adduce evidence in support of two conclusions: (1) that the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed."

In the present case appellants assert that the instrumentality causing the injury to Jerome Morgan was the failure of appellee's agent to properly ventilate the appellant during the operation. This alleged failure caused oxygen deprivation to the brain, thereby resulting in the injuries which appellant suffered causing his present vegetative state. The appellate court in this case concluded that even if the appellants are presumed to have met the first prerequisite for the instruction of *res ipsa loquitur,* that they are unable to meet the second prerequisite because it is essential in a medical malpractice case that expert testimony be used to establish the standard of ordinary care. Therefore, the court reasoned that the doctrine of *res ipsa loquitur* cannot be applied in medical malpractice cases because a lay person cannot say "as a matter of common knowledge" that the injury is one which would not have ordinarily occurred in the course of events had ordinary care been observed.

The appellate court, relying on *Yandrich* v. *Blair* (1979), 65 Ohio App. 2d 65 [19 O.O.3d 44], sets forth a rigid rule that when expert testimony is necessary to explain that an injury is the result of a lack of due care, then the injury does not speak for itself. Such a rigid rule excludes the doctrine of *res ipsa loquitur* from nearly all medical malpractice cases.

The reasoning of the lower court concerning *res ipsa loquitur* in medical malpractice cases is not compelling. Numerous other jurisdictions when faced with this same question have found that expert testimony can be used in medical malpractice cases to establish that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed, thereby allowing an instruction on *res ipsa loquitur* to be given to the jury.[2]

---

[2] Among the many cases holding that *res ipsa loquitur* may properly be resorted to in a medical malpractice case under certain conditions are: *Dodson* v. *Pohle* (1952), 73 Ariz. 186, 239 P. 2d 591; *Seneris* v. *Haas* (1955), 45 Cal. 2d 811, 62 Cal. Rptr. 9, 291 P. 2d 915; *Tomei* v. *Henning* (1967), 67 Cal. 2d 319, 431 P. 2d 633; *Raza* v. *Sullivan* (C.A.D.C. 1970), 432 F. 2d 617; *You Goo Ho* v. *Yee* (1959), 43 Hawaii 289; *Holcomb* v. *Magee* (1920), 217 Ill. App. 272; *Frost* v. *Des Moines Still College* (1956), 248 Iowa 294, 79 N.W. 2d 306; *Merker* v. *Wood* (1948), 307 Ky. 331, 210 S.W. 2d 946; *Higdon* v. *Carlebach* (1957), 348 Mich. 363, 83 N.W. 2d 296; *Jensen* v. *Linner* (1961), 260 Minn. 22, 108 N.W. 2d 705; *Vonault* v. *O'Rouke* (1934), 97 Mont. 92, 33 P. 2d 535; *Becker* v. *Eisenstodt* (1960), 60 N.J. Super. 240, 158 A. 2d 706; *Ben-*

This court enunciated in *Oberlin* v. *Friedman* (1965), 5 Ohio St. 2d 1 [34 O.O.2d 1], the proposition that the underlying circumstances necessary to sustain a request for a *res ipsa loquitur* instruction to a jury may be established by expert testimony. This court set forth three basic rules to be utilized in making such a determination on the application of *res ipsa loquitur* in medical malpractice cases.

First, the doctrine cannot be "* * * based solely upon the fact that the treatment was unsuccessful or terminated with poor or unfortunate results." *Oberlin,* at paragraph three of the syllabus. Second, the doctrine applies "only where the instrumentality causing the injury was under the exclusive management and control of the defendant." *Id.* at paragraph four of the syllabus. Third, the plaintiff's offering of evidence to prove specific acts of negligence does not preclude the application of the doctrine of *res ipsa loquitur* if there is proof presented in support of application of the doctrine. See *Oberlin, supra,* at paragraph two of the syllabus. Thus, even though the appellants have presented expert testimony as to possible specific acts of negligence on the part of appellee or appellee's agents, such offerings would not preclude the instruction of *res ipsa loquitur* if otherwise justified by the circumstantial evidence adduced at trial.

The use of expert testimony in a medical malpractice case to establish that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed does not disqualify such case from the application of the doctrine of *res ipsa loquitur*. See Note, Malpractice and Medical Testimony (1963), 77 Harv. L. Rev. 333, 349, which states in pertinent part: "While lay knowledge is normally insufficient to say that the injury indicates negligence, it does not follow that expert knowledge is similarly incapacitated. Much as the courts have implemented the malpractice standard of care through expert testimony, the court can adapt *res ipsa loquitur* to malpractice by requiring expert testimony that the injury bespeaks negligence."

The appellee also argues that *res ipsa loquitur* is inapplicable in the present case because he has presented evidence which rebuts the inference of appellee's negligence. This evidence is embodied in the defense theory of an air embolism which caused the oxygen deprivation to appellant's brain. It is a well-established principle that a court may not refuse as a matter of law to instruct on the doctrine of *res ipsa loquitur* merely upon the basis that the defendant's evidence sufficiently rebuts the making of such an inference. In addition, this court made quite clear in *Fink* v. *New*

---

son v. *Dean* (1921), 232 N.Y. 52, 133 N.E. 125; *Pendergraft* v. *Royster* (1932), 203 N.C. 384, 166 S.E. 285; *Mayor* v. *Dowsett* (1965), 240 Ore. 196, 400 P. 2d 234; *Davis* v. *Kerr* (1913), 239 Pa. 351, 86 A. 1007; *Johnson* v. *Ely* (1947), 30 Tenn. App. 294, 205 S.W. 2d 759; *Fredrickson* v. *Maw* (1951), 119 Utah 385, 227 P. 2d 772; *Danville Community Hospital* v. *Thompson* (1947), 186 Va. 746, 43 S.E. 2d 882, 173 A.L.R. 525; *Olson* v. *Weitz* (1950), 37 Wash. 2d 70, 221 P. 2d 537; and *Fehrman* v. *Smirl* (1963), 20 Wis. 2d 1, 121 N.W. 2d 255.

*York Central RR. Co.* (1944), 144 Ohio St. 1 [28 O.O. 550], when we stated in paragraph three of the syllabus that:

"The trial court, in a jury trial, in a case which calls for the application of the rule of *res ipsa loquitur,* is without authority to declare, as a matter of law, that the inference of negligence which the jury is permitted to draw, has been rebutted or destroyed by an explanation of the circumstances offered by the defendant, and such action on the part of the trial court is an invasion of the province of the jury."

Because of the error in not applying the doctrine of *res ipsa loquitur* to the facts presented in the present case we are compelled to reverse the judgment of the court of appeals and remand this cause to the trial court for a new trial.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY and DOUGLAS, JJ., concur.

LOCHER, HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. I dissent herein because a reading of the record readily establishes that the evidence adduced at trial does not warrant the trial court giving a jury instruction on the doctrine of *res ipsa loquitur.* The majority opinion quite accurately summarizes the law applicable to the doctrine of *res ipsa loquitur* by citing *Jennings Buick, Inc.* v. *Cincinnati* (1980), 63 Ohio St. 2d 167 [17 O.O.3d 102], but, unfortunately misapplies the law in relation to the evidence adduced by both parties in this case. Case law dictates that two vital elements must first be established by the evidence before a party can avail itself of the doctrine. It must be demonstrated that at the time of the injury, the instrumentality or the occurrence which produced the injury was under the exclusive management and control of the defendant. Second, it must be established that the injury would not have occurred in the absence of negligence. *Hake* v. *Wiedemann Brewing Co.* (1970), 23 Ohio St. 2d 65 [52 O.O.2d 366].

In my view, neither element was firmly established within the presentation of this case for various reasons. First, although recognizing that the anesthesia equipment was under the exclusive control of the defendant, it was not established that this instrumentality, or its use, actually produced the injury. Second, and intertwined with the first, the evidence was insufficient to prove that the injury would not have occurred in the absence of negligence.

In *Jennings,* this court cited with approval *Loomis* v. *Toledo Railways & Light Co.* (1923), 107 Ohio St. 161, 169-170, as follows:

" 'The maxim *res ipsa loquitur* * * * does not apply where there is direct evidence as to the cause, or where the facts are such that an in-

ference that the accident was due to a cause other than defendant's negligence could be drawn as reasonably as that it was due to his negligence' * * *.''

The issue involved within this appeal is whether the plaintiffs have offered an evidentiary foundation at trial to warrant submission of the *res ipsa loquitur* doctrine to the jury. I submit that the plaintiffs have not done so.

At trial, each expert witness questioned on the subject agreed that a number of causes exist for a global hypoxia such as that suffered by Jerome Morgan. Dr. Eric Grossman, the first of plaintiffs' anesthesia experts, agreed that anything which prevents oxygenated blood from reaching the brain cells would produce hypoxia, including an obstruction in the small arteries of the brain itself. Dr. David Bachman, a neurologist, mentioned four possible conditions which could have occasioned the injury, *i.e.,* (1) heart stoppage, (2) stoppage of breathing or lung failure, (3) drop in blood pressure providing insufficient blood to brain, and (4) blockage of the blood vessels to the brain by clot, or air, or other emboli. There is no testimony presented from any of the expert witnesses which disputed Dr. Bachman's analysis of these possibilities.

Further testimony adduced by both the plaintiffs and the defendant then narrowed the four possibilities down to two probabilities. The plaintiff's anesthesia experts, Dr. Grossman and Dr. Mervyn Jeffries, testified that in their opinion the damage to the patient had been occasioned by underventilation, and they attributed this occurrence to the failure of the nurse-anesthetist to squeeze the breathing bag on the anesthesia machine for a period of time. In my view, this portion of the record does not reflect that these expert witnesses testified that the injuries could not have occurred without negligence. The plaintiffs' witnesses were merely testifying to the effect that although there may have been other possible causes for the injury, it was their expert opinion that the most probable cause was the underventilation occasioned by the nurse's failure to squeeze the bulb of the equipment.

In response to the testimony advanced by the plaintiffs' witnesses, the defendant called two anesthesia experts, Dr. John D. Michenfelder and Dr. William Hamelberg. Both of these physicians testified that in their opinion the most probable cause of the injury was the remaining potential mechanism, an obstruction of the arteries to the brain. Dr. Michenfelder stated that in his opinion Jerome Morgan was, for a significant period of time, subjected to an unrecognizable, but ongoing, air embolism, whereby an amount of air entered his circulation through his surgical wound and traveled to his brain, obstructing the small arteries of the brain with air and thus producing the brain damage. Dr. Hamelberg agreed that the most likely cause of Jerome Morgan's brain damage was an air embolism to the arteries of the brain.

Given the state of the evidence in which both sides produced dia-

metrically opposed expert opinions as to the specific cause of Jerome Morgan's injury, it would have been error for the trial court to have charged the jury on the doctrine of *res ipsa loquitur*. The doctrine is founded upon an absence of specific proof concerning acts or omissions which would constitute negligence. It also has been stated that the doctrine can only be applied when the "thing speaks for itself." Here, as noted, there was evidence adduced by the plaintiffs relating to the defendant's negligence. Also, Jerome Morgan's injury cannot be deemed to speak for itself where complex technical and medical testimony was required to explain the result, and which evidence produced conflicting opinions as to the more probable cause of the injury.

It became a jury question to choose the more probable cause of the injury and, after considering all of such evidence, the jury did just that, accepting the defendant's theory that the injury was occasioned by some embolism and apparently rejecting the plaintiff's theory of underventilation. To have submitted this case to the jury accompanied with the charge of *res ipsa loquitur* would have invited the lay jury to speculate on some alternative theory concerning the injury not suggested by the evidence of either party. Such application of the utilization of the doctrine of *res ipsa loquitur* would be an allowance of an inference of negligence based simply upon the occurrence of an unfortunate medical result. This court has not only frowned upon but prohibited the utilization of the doctrine in such a manner in *Oberlin* v. *Friedman* (1965), 5 Ohio St. 2d 1 [34 O.O.2d 1], where paragraph three of the syllabus states:

"Generally, the doctrine of *res ipsa loquitur* is not applicable in malpractice actions in which its claimed applicability is based solely upon the fact that the treatment was unsuccessful or terminated with poor or unfortunate results."

This court should continue to prohibit the use of the doctrine under circumstances as presented by this case.

Accordingly, I would affirm the court of appeals.

LOCHER and WRIGHT, JJ., concur in the foregoing dissenting opinion.