Debra Byrne appeals from a judgment of the common pleas court directing a verdict in favor of Buckeye PH, Inc. dba Pizza Hut, Inc., located on Lorain Road in North Olmsted, Ohio, in connection with neck and back injuries she sustained at the restaurant caused by the movement of the booth which fell backwards as she sat in it, struck the salad bar behind the bench, and then rocked forward throwing her into the table. Byrne complains on appeal that the trial court erroneously directed a verdict in favor of Pizza Hut and granted its motion in limine
excluding her medical bills and her expert medical testimony.
After a review of the record and the applicable case authority, we have concluded that the court correctly granted the directed verdict and, therefore, we affirm that decision.
The record reveals that on October 9, 1994, Byrne patronized the Pizza Hut with her mother, Jane Johnson, and her daughter, Melissa. The hostess escorted them to a booth, and as she sat on the bench, it fell backwards, struck the salad bar, and threw her into the table. Immediately thereafter, the hostess acknowledged that she knew of another broken bench in the restaurant but claimed to have no knowledge of any defect with the bench. Melissa then drove Byrne to the emergency room at St. John's West Shore Hospital for medical treatment for her injuries.
On November 3, 1997, Byrne filed a complaint alleging that Pizza Hut negligently maintained the booth. She later requested admissions from Pizza Hut who maintained that it kept the bench in good condition and repair. Prior to trial, Pizza Hut filed a motion in limine to exclude medical expenses of physicians that Byrne did not intend to call at trial, and the court granted the motion. At the close of Byrne's case-in-chief, the court granted Pizza Hut's motion for directed verdict. Byrne now appeals and raises two assignments of error for our review.
The first assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN DIRECTING A VERDICT FOR THE DEFENDANT AT THE CLOSE OF THE PLAINTIFF'S EVIDENCE WHERE THE EVIDENCE WARRANTS THE APPLICATION OF THE RULE OF RES IPSA LOQUITUR.
Byrne argues two theories of recovery, negligence and res ipsaloquitur, and maintains the court erred when it directed a verdict in favor of Pizza Hut. Pizza Hut maintains the court correctly granted a directed verdict because Byrne could not establish a prima facie case of negligence or res ipsa loquitur.
The issue then for our review concerns whether the trial court erred when it directed a verdict in favor of Pizza Hut.
We begin by noting that Civ.R. 50(A)(4) sets forth the standard for ruling on a motion for a directed verdict. It states:
 When a motion for directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
To establish a negligence claim, a party must show the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom. Menifee v. Ohio WeldingProducts, Inc. (1984), 15 Ohio St.3d 75, 77.
It is well-settled that a landowner owes an invitee the duty to exercise ordinary and reasonable care, which includes keeping the premises in a reasonably safe condition and warning the inviteeof latent or concealed detects of which the landowner has orshould have knowledge. Scheibel v. Lipton (1951), 156 Ohio St. 308,323; Gladon v. Greater Cleveland Regional Transit Authority
(1996), 75 Ohio St.3d 312, 315. (Emphasis added.)
In this case, Byrne has stated that immediately after the bench threw her forward, the hostess acknowledged the existence of another broken bench in the restaurant prior to Byrne's injury. However, Byrne has failed to offer any evidence that Pizza Hut had superior knowledge as to the condition of the particular bench that she sat in, which caused her injury.
Regarding Byrne's res ipsa loquitur claim, we recognize that the doctrine is not a rule of substantive law but is a rule of evidence which allows the trier of fact to draw an inference of negligence from the facts presented. Morgan v. Children'sHospital (1985), 18 Ohio St.3d 185, * * * In Hake v. WiedemannBrewing Co. (1970). 23 Ohio St.2d 65, 66-67, the court discussed the following with regard to res ipsa loquitur:
 To warrant application of the rule a plaintiff must adduce evidence in support of two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed.
In Caldwell v. Greek Corp. (Sept. 19, 1997), Lucas App. No. L-96-397, unreported, a plastic patio chair collapsed, and the court stated:
 * * * This court, however, finds that, although a restaurant can own and possess a chair, once the restaurant is open to the public for business and customers have access to and use of the chairs, the chair is no longer in the restaurant's exclusive control. Accordingly, the doctrine of res ipsa loquitur is not applicable in this case as appellant has failed to show that the chair was in the restaurant's exclusive management and control at the time of the accident.
See, also, Cochran v. Ohio Auto Club (October 3, 1996), Marion App. No. 9-96-33. unreported; Defelice v. Imperativo, Inc.
(October 6, 1994), Cuyahoga App. No. 66672, unreported; Brown v.Univ. Hosp. of Cleveland (June 7, 1990), Cuyahoga App. No. 57101, unreported; Hale v. Stein (June 21, 1978), Hamilton App. No. C-77287, unreported.
In this case, the evidence indicates the bench is a part of the premises at Pizza Hut; however, since the Pizza Hut restaurant had been open to the general public, it no longer had exclusive control over the bench. In conformity with the foregoing case analysis, we have concluded the trial court did not err when it directed verdict in favor of Pizza Hut on Byrne's claim for resipsa loquitur. Accordingly, this assignment of error is not well taken.
The second assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION IN LIMINE WHICH EXCLUDED FROM EVIDENCE ITEMIZED MEDICAL BILLS WHICH EACH CONTAINED A DESCRIPTION OF THE SERVICES PERFORMED AND THE AMOUNT OF THE BILL AND WHICH BILLS WERE TIMELY DELIVERED TO DEFENDANT'S COUNSEL MORE THAN FIVE (5) DAYS PRIOR TO TRIAL PURSUANT TO OHIO REVISED CODE 2317.421.
Byrne alleges the court erred in excluding some of her medical bills. Pizza Hut maintains the court correctly excluded the medical bills because Byrne did not offer any testimony which related her treatment with the doctors to the injury that she sustained. The issue, here, for our review concerns whether the court abused its discretion when it excluded certain medical bills of Dr. Michael Bahntge, Dr. George Matthew, Dr. Janet Shin, and Dr. Howard Tucker.
We begin by noting R.C. 2317.421 addresses the admissibility of medical bills:
 In an action for damages arising from personal injury or wrongful death, a written bill or statement, or any relevant portion thereof, itemized by date, type of service rendered, and charge, shall, if otherwise admissible, be prima-facie evidence of the reasonableness of any charges and fees stated therein for medication and prosthetic devices furnished, or medical, dental, hospital, and funeral services rendered by the person, firm, or corporation issuing such bill or statement, provided, that such bill or statement shall be prima-facie evidence of reasonableness only if the party offering it delivers a copy of it, or the relevant portion thereof, to the attorney of record for each adverse party not less than five days before trial.
In Darnell v. Eastman (1970), 23 Ohio St.2d 13, the court stated in its syllabus:
 Except as to questions of cause and effect which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion. In the absence of such medical opinion, it is error to refuse to withdraw that issue from the consideration of the jury. (Emphasis added.)
In this case, the court granted Pizza Hut's motion in limine
and excluded the bills of neurologists, Dr. Bahntge, Dr. Shin and Dr. Tucker, and family practitioner, Dr. Mathews, because Byrne did not intend to call an expert to testify as to causal connection between the injuries that she sustained and her treatment with these physicians as required by Darnell.
Therefore, the trial court properly excluded these doctors bills. Accordingly, this assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J., and ANN DYKE, J., CONCUR.
 ___________________ JUDGE TERRENCE O'DONNELL