JOURNAL ENTRY AND OPINION
Patricia Carr appeals from a decision of the common pleas court granting summary judgment to May Department Stores, Co., in connection with her claim for damages arising out of injuries to her lower back which she allegedly sustained when a mannequin fell on her in the Tommy Hilfiger section of the Kaufmann's department store located at Great Northern Mall. On this appeal, which has been assigned to our accelerated docket, Carr claims the court erred because genuine issues of material fact exist as to whether the store breached a duty of care owed to her as an invitee, and whether the doctrine of res ipsa loquitur applies to this case. After reviewing the record before us, we have concluded that genuine issues of material fact exist and, therefore, reverse the grant of summary judgment entered by the trial court in this case.
On November 23, 1996, Carr accompanied her eighteen-year-old daughter, Sabrina, and two of Sabrina's friends, to the Kaufmann's at Great Northern Mall to look at the Tommy Hilfiger clothing display. In her complaint, Carr asserts that as she began looking through the Tommy jackets, a mannequin fell and struck her in the lower back, causing her to fall to the ground. Immediately after falling, she experienced pain to her lower back and legs. At that point, she left the store, reported the incident to Kaufmann's the next day, and sought medical treatment for her injuries a few days later.
On November 18, 1998, Carr filed a complaint in the common pleas court against May Department Stores, alleging negligence in maintaining, managing, inspecting and/or attending to the store displays. May Company filed its answer and subsequently moved for summary judgment, alleging that Carr failed to establish that it knew or should have known of the mannequin that fell on her, and further that Carr failed to prove negligence as a matter of law. In support of its motion for summary judgment, May Company submitted Carr's deposition in which she admitted that she did not see anyone in the area at the time the incident occurred, and did not know if Kaufmann's did anything to cause the mannequin to fall on her.
In her response, Carr claimed that genuine issues of material fact existed regarding whether May Company breached its duty of care to her and whether the doctrine of res ipsa loquitur applied in this case. The court subsequently granted summary judgment in favor of May Company; Carr now appeals and sets forth the following assignment of error:
 THE TRIAL COURT ERRED BY GRANTED [sic] SUMMARY JUDGMENT IN FAVOR OF DEFENDANT WHEN THE EVIDENCE, VIEWED MOST STRONGLY ON FAVOR OF PLAINTIFF, SHOWED THAT THERE EXISTED A GENUINE ISSUE OF MATERIAL FACT.
Carr asserts the court erred in granting summary judgment because questions of fact exist concerning whether May Company negligently maintained, managed and/or inspected the mannequin and whether the doctrine of res ipsa loquitur applies in this case.
May Company urges Carr cannot prove negligence, nor prove the elements of res ipsa loquitur, and therefore, the court correctly granted summary judgment.
Pursuant to Civ.R. 56, summary judgment is proper when:
 (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.
Further, the court in Dresher v. Burt (1996), 75 Ohio St.3d 280
stated:
 * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
We recognize that Carr became an invitee on the premises at Kaufmann's when she entered the store. As such, May Company owed a duty to her to exercise reasonable care in maintaining its premises in a reasonably safe condition so as not to expose her to danger and to warn her of any latent defects or perils of which it had knowledge. See Perry v. Eastgreen Realty Co. (1978), 53 Ohio St.2d 51; Pascal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203.
Carr's first theory of liability relies upon the doctrine of res ipsa loquitur, an evidentiary rule permitting the jury to draw an inference of negligence from the facts surrounding the injury. See, Morgan v. Children's Hosp. (1985), 18 Ohio St.3d 185, where the court set forth the following test to be met:
 a plaintiff must adduce evidence in support of two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed.
In this case, Carr failed to establish that May Company had exclusive control over the mannequin in the Tommy section of its store. Gwen McCarthy, the visual merchandising manager at Kaufmann's, testified that both Kaufmann's employees and sometimes the vendors or vendors' representatives dress the mannequins and that whoever dresses the mannequin is responsible for locking the turnkey before placing it on display in the store. In addition, we recognize that the mannequins are placed in the general merchandise area of the store where members of the public also have access to them. Accordingly, we cannot conclude that Carr established the mannequin in the Tommy section had been within the exclusive control of Kaufmann's at the time it fell on her. Hence, we have concluded the doctrine of res ipsa loquitur does not apply to this case.
A different situation, however, exists with respect to the claim that May Company negligently maintained, managed, inspected and/or attended to the store displays. Carr is not relying upon the mere fact that she had been injured on May Company's premises to create an inference of negligence. Instead, she argues that the May Company's failure to exercise reasonable care in maintaining its premises in a safe condition by locking the turnkey on the mannequin or by inspecting it or attending to the store display constituted a breach of its duty to exercise ordinary care. Although the record here does not contain any evidence or expert testimony as to industry standards, or evidence of prior incidents which may have established that Kaufmann's had notice of a potential danger, Carr could establish liability on these cases.
May Company, on the other hand, argues Carr that failed to establish negligence in this case and therefore urges that the trial court correctly granted summary judgment in this case.
From our review, we have determined that genuine issues of material fact exist: what caused the mannequin to fall, whether it had been properly secured with a turnkey, whether May Company or a vendor placed it in the display area, whether May Company failed to inspect or maintain its premises in a reasonably safe condition, whether May Company knew or should have known of a latent defect based on prior incidents, and given evidence of industry standards, whether May Company met those standards.
Accordingly, this assignment of error is well taken and the judgment of the court is reversed and remanded for further proceedings.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
 _____________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE
PATRICIA A. BLACKMON, J., CONCURS; KENNETH A. ROCCO, J., DISSENTS.