Lanzinger, J.,
concurring in judgment only.
{¶ 37} Although I concur in the judgment in this case, I would also overrule Morgan v. Children’s Hosp. (1985), 18 Ohio St.3d 185, 18 OBR 253, 480 N.E.2d 464, as an unwarranted expansion of the scope of res ipsa loquitur to permit a jury to infer that negligence caused an injury during a complicated medical procedure, even when expert testimony is necessary to explain the procedure and the injury.[1]
{¶ 38} The two prerequisites that a plaintiff must show to allow a jury instruction on res ipsa loquitur to be given are “(1) [t]hat the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of *309 the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed.” Hake v. George Wiedemann Brewing Co. (1970), 23 Ohio St.2d 65, 66-67, 52 O.O.2d 366, 262 N.E.2d 703.
{¶ 39} But because injuries in medical-malpractice cases may result from many reasons other than the physician’s negligence, application of res ipsa loquitur in such cases is limited. Many medical procedures are inherently risky, so injuries may occur even when physicians’ actions meet the standard of care. Finally, most medical procedures are beyond the common understanding of lay jurors, requiring an expert to explain them. See Hubach v. Cole (1938), 133 Ohio St. 137, 142, 10 O.O. 187, 12 N.E.2d 283. The need for an expert is contrary to the fundamental premise behind the doctrine of res ipsa loquitur. See Prosser & Keeton on Torts (5th Ed.1984) 243, Section 39.
{¶ 40} I believe that the reasoning of the dissent in Morgan also applies in this case:
{¶ 41} “The doctrine is founded upon an absence of specific proof concerning acts or omissions which would constitute negligence. It also has been stated that the doctrine can only be applied when the ‘thing speaks for itself.’ Here, as noted, there was evidence adduced by the plaintiff relating to the defendant’s negligence. Also, [the plaintiffs] injury cannot be deemed to speak for itself where complex technical and medical testimony was required to explain the result, and which evidence produced conflicting opinions as to the more probable cause of the injury.
{¶ 42} “It became a jury question to choose the more probable cause of the injury and, after considering all of such evidence, the jury did just that * * *.” Morgan, 18 Ohio St.3d at 192, 18 OBR 253, 480 N.E.2d 464 (Holmes, J., dissenting).
{¶ 43} Hall’s injury and eventual death occurred during a complicated medical procedure, and expert witnesses presented opposing opinions regarding whether her injury could have occurred if ordinary care had been observed. Although the plaintiff discounts the defense theory as a “far-fetched alternative,” the defense experts characterized plaintiffs experts’ explanation as “unlikely as can be.” This case represents a classic battle between expert witnesses, making a jury instruction on res ipsa loquitur inappropriate. Our holding, rather than usurping the jury’s role, relies on the jury as the trier of fact to “weigh the evidence and decide which experts to believe.” Estate of Hall v. Akron Gen. Med. Ctr., Ninth Dist. No. 24066, 2008-Ohio-4332, 2008 WL 3918068, ¶ 30.
{¶ 44} “Where it has been shown by the evidence adduced that there are two equally efficient and probable causes of the injury, one of which is not attributable to the negligence of the defendant, the rule of res ipsa loquitur does not *310 apply. In other words, where the trier of the facts could not reasonably find one of the probable causes more likely than the other, the instruction on the inference of negligence may not be given.” Jennings Buick, Inc. v. Cincinnati (1980), 63 Ohio St.2d 167, 171-172, 17 O.O.3d 102, 406 N.E.2d 1385, citing Huggins v. John Morrell & Co. (1964), 176 Ohio St. 171, 27 O.O.2d 50, 198 N.E.2d 448; Schafer v. Wells (1961), 171 Ohio St. 506, 14 O.O.2d 439, 172 N.E.2d 708; Krupar v. Procter & Gamble Co. (1954), 160 Ohio St. 489, 52 O.O. 363, 117 N.E.2d 7; Soltz v. Colony Recreation Ctr. (1949), 151 Ohio St. 503, 39 O.O. 322, 87 N.E.2d 167; Glowacki v. N.W. Ohio Ry. & Power Co. (1927), 116 Ohio St. 451, 157 N.E. 21.
{¶ 45} Under the circumstances of this case, the trial court properly refused to instruct the jury on res ipsa loquitur. I concur in judgment only.

. Unlike Justice Cupp, I do not believe that this court must wait for an invitation to overrule a case before we can do so. I would also not wait for the parties to do an analysis pursuant to Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, before overturning precedent that was wrongly decided. See, e.g., Groch v. Gen. Motors Corp., 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 219-224 (Lanzinger, J., concurring in part).