Moyer, C.J.,
dissenting.
{¶ 46} Because the majority refuses to apply our precedent that directly resolves the issue before us, I respectfully dissent. This court has held that “[i]t is a well-established principle that a court may not refuse as a matter of law to instruct on the doctrine of res ipsa loquitur merely upon the basis that the defendant’s evidence sufficiently rebuts the making of such an inference.” Morgan v. Children’s Hosp. (1985), 18 Ohio St.3d 185, 189, 18 OBR 253, 480 N.E.2d 464. Application of that well-established principle to the facts presented would compel us to find that the jury in this case should have been instructed on the doctrine of res ipsa loquitur.
{¶ 47} The plaintiff in Morgan entered a comatose state following complications from surgery to remove his thymus gland. Id. at 186, 18 OBR 253, 480 N.E.2d 464. A medical-malpractice action was brought against the anesthesiologist on his behalf. Id. The plaintiffs expert testified that the plaintiffs oxygen deprivation resulted from the failure of the defendant’s agent, a nurse, to adequately ventilate the plaintiff. Id. The defendant’s expert concluded that the oxygen deprivation was caused by bubbles of air blocking the blood vessels. Id. The trial court refused the plaintiffs request to instruct the jury on res ipsa loquitur, and the jury returned a verdict for the defendant. Id. at 186-187, 18 OBR 253, 480 N.E.2d 464.
{¶ 48} We held on appeal that the instruction was warranted despite the competing expert theories on causation. Id. at 190, 18 OBR 253, 480 N.E .2d 464. Relying on precedent from 1944, we underscored the role of the jury as the finder of fact. Id. It would be “an invasion of the province of the jury” for the trial court to declare as a matter of law that the jury is not permitted to draw a *311 reasonable inference of negligence because the defendant has offered his own competing explanation. Id.
{¶ 49} Ignoring the import of Morgan, the majority instead relies on Jennings Buick, Inc. v. Cincinnati (1980), 63 Ohio St.2d 167, 171, 17 O.O.3d 102, 406 N.E.2d 1385, and its holding: “Where it has been shown by the evidence adduced that there are two equally efficient and probable causes of the injury, one of which is not attributable to the negligence of the defendant, the rule of res ipsa loquitur does not apply.” The majority, however, overlooks the very next sentence in Jennings Buick, which clarifies that “where the trier of facts could not reasonably find one of the probable causes more likely than the other, the instruction on the inference of negligence may not be given.” (Emphasis added.) Id. It is therefore only when the jury has no basis upon which to favor the plaintiffs explanation over the defendant’s that the res ipsa loquitur instruction is impermissible. As the majority observes, determining the credibility of witnesses is left to the jury, and such determinations could be a basis for favoring a plaintiffs theory. As the court of appeals here properly noted, the plaintiffs own expert in Jennings Buick admitted that it was equally likely that the damage to the plaintiffs property resulted from a cause other than the defendant’s negligence. Estate of Hall v. Akron Gen. Med. Ctr., Summit App. No. 24066, 2008-Ohio-4332, 2008 WL 3918068, ¶ 23. The jury could not, thus, reasonably infer that the damage would not have occurred absent the defendant’s negligence.
{¶ 50} The new rule adopted by the majority runs a substantial risk of largely foreclosing the use of res ipsa loquitur in medical-malpractice cases. The defendant must now only present a realistic alternative explanation for the cause of injury, which seems very likely given the abundant availability of experts in medical-malpractice cases, and the plaintiff will be deprived of the benefit of the long-standing negligence doctrine. The majority may envision the trial judge making a probability determination for each theory presented, but that is exactly the usurpation of the jury’s role that this court sought to avoid in Morgan.
{¶ 51} Until today, there was no indication that Morgan did not remain viable precedent. The majority overrules it without saying so. Because Morgan authorizes the jury, as the ultimate finder of fact, to determine the likely cause of injury, I would affirm the judgment of the court of appeals and hold that the trial court should have instructed the jury on the doctrine of res ipsa loquitur. I note that such an instruction does not permit a jury to infer negligence if it merely decides that the plaintiffs causation theory is more likely than the defendant’s. Instead, res ipsa loquitur can be used to find liability only if “ ‘the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed.’ ” Morgan, 18 Ohio St.3d at 188, 18 OBR 253, 480 N.E.2d 464, quoting Hake v. George Wiedemann Brewing Co. *312 (1970), 23 Ohio St.2d 65, 66-67, 52 O.O.2d 366, 262 N.E.2d 703. That requirement must be included in any jury instruction given on the doctrine.
Pfeifer, J., concurs in the foregoing opinion.