Cupp, J.,
dissenting.
{¶ 52} I agree with Chief Justice Moyer’s dissent in that both the issue in this case and the factual context in which it arises are virtually indistinguishable from those in Morgan v. Children’s Hosp. (1985), 18 Ohio St.3d 185, 18 OBR 253, 480 N.E.2d 464, and that as a consequence, our decision should be controlled by Morgan.
{¶ 53} In both cases, an injured patient (or injured patient’s estate) brought a medical-malpractice action against the treating physician. In both cases, the patient and the physician each presented expert testimony as to the cause of the patient’s injuries, and in each case the opinion testimony of the patient’s experts and the physician’s experts directly conflicted. In each case, the trial court denied the patient’s request to instruct the jury on res ipsa loquitur. Both trial courts reasoned that the res ipsa loquitur inference was inapplicable because there were competing expert opinions as to the cause of the injury.
{¶ 54} In Morgan, this court held that the trial court erred in denying the requested res ipsa loquitur instruction and remanded the case for a new trial. In light of the close similarity of the present case to Morgan, our decision in the present case should be governed by our decision in Morgan under the principle of stare decisis. This would result in the affirmance of the court of appeals’ judgment reversing the trial court for failure to instruct the jury on the doctrine of res ipsa loquitur.
{¶ 55} I am not convinced, however, that Morgan was correctly decided. I have reservations about the application of the res ipsa loquitur doctrine in medical-malpractice cases when conflicting expert testimony is the basis on which the issue must be decided. The use of res ipsa loquitur in such circumstances seems to extend the doctrine beyond the scope of its justification.
{¶ 56} As a general rule, medical-malpractice cases require expert testimony because the determination whether a physician’s treatment of a patient fell within the appropriate standard of care is beyond the jury’s common knowledge and experience. Hubach v. Cole (1938), 133 Ohio St. 137, 142, 10 O.O. 187, 12 N.E.2d 283. Res ipsa loquitur, however, is an evidentiary rule that “permits, but does not require, the jury to draw an inference of negligence when the logical premises for the inference are demonstrated.” Jennings Buick, Inc. v. Cincinnati (1980), 63 Ohio St.2d 167, 169, 17 O.O.3d 102, 406 N.E.2d 1385. In other words, a res *313 ipsa loquitur case is a type of circumstantial-evidence case. Id. at 170, 17 O.O.3d 102, 406 N.E.2d 1385. See also Restatement of the Law 2d, Torts (1965), Section 328D, Comment b. The doctrine applies when the injury complained of would not have occurred in the absence of negligence. Id. at Comment c. A key factor in the application of res ipsa loquitur is that a sufficient base of knowledge exists with the jury to justify allowing the inference. Prosser & Keeton on Torts (5th Ed. 1984) 243, Section 39 (the inference is “based upon the evidence given, together with a sufficient background of human experience to justify the conclusion”); Restatement of the Law 2d, Torts, Section 328D, Comment d. Since the inference permitted by the res ipsa loquitur doctrine is drawn from applying common knowledge and experience to the facts, res ipsa loquitur seems incompatible with situations in which expert assistance is required to determine the standard of care. See, e.g., Orkin v. Holy Cross Hosp. of Silver Spring, Inc. (1990), 318 Md. 429, 433, 569 A.2d 207.
{¶ 57} As noted in the majority opinion, res ipsa loquitur originally was not applied in medical-malpractice cases, because many medical procedures are so inherently risky that injuries can occur even when no physician has been negligent. Prosser & Keeton on Torts, 243, Section 39. In this regard, Ohio has long recognized that the doctrine of res ipsa loquitur is inapplicable in medical-malpractice actions when the claim is based solely on unsuccessful treatment or unfortunate results. Oberlin v. Friedman (1965), 5 Ohio St.2d 1, 8, 34 O.O.2d 1, 213 N.E.2d 168.
{¶ 58} Still, res ipsa loquitur has been used in medical-malpractice cases. The doctrine was first applied to medical-malpractice actions when “the lack of skill or care of the physician and surgeon is so apparent as to be within the comprehension of laymen and requires only common knowledge and experience to understand and judge it, and in such case expert testimony is not necessary.” Bruni v. Tatsumi (1976), 46 Ohio St.2d 127, 130, 75 O.O.2d 184, 346 N.E.2d 673. The classic example of such a circumstance is when a foreign object is left in the body of a patient after surgery. Oberlin, 5 Ohio St.2d at 9, 34 O.O.2d 1, 213 N.E.2d 168. See also Ault v. Hall (1928), 119 Ohio St. 422, 164 N.E. 518, paragraph eight of the syllabus. In such a case, it is within a juror’s common knowledge and experience that the injury was one that would not ordinarily occur without negligence.
{¶ 59} The res ipsa loquitur doctrine, however, has been extended to cases like the one before us in which opinion testimony of medical experts provides the only basis for a jury’s determination whether the injury was one that would ordinarily not occur in the absence of negligence. Thus, instead of relying on common knowledge and experience to draw an inference from the facts, the jury is relying on expert testimony. Under these circumstances can it any longer be said that *314 the physician’s lack of care is so apparent that it is obvious from the jury’s common knowledge and experience? The common-knowledge component of res ipsa loquitur should mean that an injury’s cause must be discernable without expert testimony, as, for example, in the cases where a foreign object is left in the patient’s body after surgery. Thus, applying the res ipsa loquitur doctrine in circumstances in which conflicting medical-expert testimony is needed to determine whether negligence was involved and, more particularly, that the injury is one which would not occur in the absence of negligence appears to be extending the doctrine beyond the purpose and rationale that justify its use.
Paul W. Flowers Co., L.P.A., and Paul W. Flowers; Stan B. Schneiderman; and Gary T. Mantkowski, for appellee.
Roetzel & Andress, L.P.A., Douglas G. Leak, and Stacy Ragon, for appellants.
{¶ 60} In this case, however, we have not been asked to overrule Morgan. Nor has any analysis or argument been offered in the briefs or at oral argument that might meet the test adopted in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, to demonstrate a justified break with existing precedent. Thus, despite my reservations with the continued use of the res ipsa loquitur doctrine in cases where jurors must rely on conflicting medical-expert testimony to determine whether negligence caused the injury, I am constrained here to adhere to this court’s established precedent in the absence of briefing and argument on the justification for abandoning that precedent.
{¶ 61} I, therefore, dissent.
Moyer, C.J., concurs in the foregoing opinion.