RAMSEY ET AL., APPELLANTS, *v.*
DEL MONTE CORPORATION; KROGER
COMPANY, APPELLEE.

(No. C-820456—Decided April 6, 1983.)

Messrs. *Condit & Dressing* and *Mr. James J. Condit,* for appellants.

Messrs. *Droder & Miller* and *Mr. W. John Sellins,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

The instant appeal is taken from the order of the court of common pleas granting a motion for summary judgment pursuant to Civ. R. 56 and dismissing the defendant-appellee, the Kroger Company, ("Kroger"), from a negligence action predicated upon personal injuries allegedly sustained when a bottle of catsup exploded in the hand of one of the plaintiffs-appellants, Horace Ramsey. In the three assignments of error given to us for review, the plaintiff-appellants, Horace and Jacqueline Ramsey, assert that summary judgment was improvidently granted in favor of Kroger because (1) there existed genuine issues of material fact with respect to the determinative issue of liability; (2) the case law precedent relied upon by the court below in rendering judgment as a matter of law was inapplicable to the particular facts of the case before it; and (3) the court erroneously confined its disposition of the motion to the doctrine of *res ipsa loquitur* when there existed a separate theory upon which to demonstrate Kroger's negligence.

As they appear in the depositions and answers to interrogatories filed in the court below prior to and coincident with the motion for summary judgment, the relevant facts demonstrate that, on the afternoon of March 8, 1980, Jacqueline Ramsey purchased three bottles of Del Monte tomato catsup at a supermarket in St. Bernard, Ohio, owned and operated by Kroger. Ramsey obtained the bottles from a packing case situated on one of the display shelves in the store and placed them along with some other merchandise in an upright position in her shopping cart. At the checkout counter the various items were bagged in the usual manner, and Ramsey then drove from the supermarket to her home in Cincinnati without incident.

When she returned home, her husband, Horace Ramsey, carried the shopping bags into the kitchen, and ultimately one of the catsup bottles was placed on the kitchen table to be used with the family's dinner. One of the couple's children then attempted to remove the cap on the bottle by hand, but the attempt proved unsuccessful. Shortly thereafter, Horace Ramsey picked up the bottle and, as he endeavored to unscrew the cap by hand for a second time, he heard what he described as "a loud pop," which was ac-

companied by a shattering of glass and a release of the catsup in an indiscriminate spray about the room. When the bottle shattered, one of the larger fragments of glass lodged in the upper portion of the ring finger of his left hand, producing a laceration that required suturing at the emergency room of a local hospital. It appears from the evidence that from the time the bottle came into Jacqueline Ramsey's possession, it was never dropped or otherwise mishandled, and that no attempt was made to open it in any manner other than the conventional fashion by hand.

Named as defendants in the complaint filed on behalf of the Ramseys in addition to Kroger were the manufacturer of the catsup, Del Monte Corporation, and an unidentified party designated as "John Doe." The claim against Del Monte sounded in negligence and alleged specifically that the manufacturer failed to exercise due care by bottling the catsup in defective glass and by permitting excessive pressure to build up inside the bottle. With respect to the separate claim against Kroger, the complaint alleged without particularity only that Kroger was negligent in its handling and storage of the bottle prior to the sale to Jacqueline Ramsey.

In support of its motion for summary judgment, Kroger argued that it was entitled to judgment as a matter of law because there was no evidence to demonstrate affirmatively that it mishandled the bottle of catsup while it was in its possession. Relying upon evidence obtained from both Ramseys to the effect that there was no visible external defect in or damage to the catsup bottle at the time it was purchased and at all times thereafter, it further maintained that it could not be held liable to the plaintiffs as a matter of law because a retailer had no duty under Ohio law to inspect or test a product for latent defects. See *Landon* v. *Lee Motors, Inc.* (1954), 161 Ohio St. 82 [53 O.O. 25]; *Ross* v. *Spiegel, Inc.* (1977), 53 Ohio App. 2d 297 [7 O.O.3d 385].

Attached to the motion were answers to a set of interrogatories that had been addressed to the Ramseys in the course of discovery. In addition to that which has already been set forth above, it is instructive to note for purposes of this appeal that in response to a request for all facts and evidence to support the claim of negligence on the part of Kroger, the Ramseys stated only that Kroger "had custody of the bottle and sold it to us."

Addressing the three assignments of error advanced by the appellants in an order inverse to that in which they appear in their brief, we come first to the contention that the doctrine of *res ipsa loquitur* applied to the particular facts and circumstances attendant to the purchase of the catsup bottle from Kroger, thus creating an inference of negligence that prevented a resolution of the claim against Kroger as a matter of law. As part of this assertion, the appellants add that, even if the doctrine was properly held to be inapposite to their claim, the court below erred by refusing to evaluate the issue of liability on a separate theory of negligence.

It has been decided in Ohio that one of the essential elements of the doctrine of *res ipsa loquitur* in exploding bottle cases is exclusive possession and control of the offending instrumentality on the part of the defendant; if the defendant did not have possession at the time of the injury, there must be an allegation that the instrumentality could not have been mishandled or tampered with at those times when it was out of the possession and control of the defendant. *Huggins* v. *John Morrell & Co.* (1964), 176 Ohio St. 171 [27 O.O.2d 50].

In the instant case, it is clear from the allegations of the complaint alone that the appellants could have derived no comfort from the doctrine of *res ipsa loquitur* to withstand Kroger's motion for summary judgment. In choosing to assert a separate claim against the manufacturer of the catsup by alleging that it negligently bottled the substance in defective glass

and allowed excessive pressure to develop inside the bottle, the appellants put themselves in a position totally at odds with the application of the doctrine of *res ipsa loquitur* by making it clear to any reasonable mind that the bottle could have been mishandled or tampered with at a time when it was out of the possession and control of Kroger. When this is coupled with the evidence before the court below showing that the bottle was stocked by Kroger on a display shelf readily accessible to any customer shopping in its store, the conclusion is inescapable that the essential element of exclusive possession and control was absent from the case, thereby rendering the doctrine of *res ipsa loquitur* inapplicable as a matter of law.

With respect to the subsidiary claim that there was an independent theory of negligence sufficient to defeat the motion for summary judgment, it is our view, for the reasons set forth in our separate discussion of the remaining assignments of error, *infra,* that it, too, must fail on the state of this record. The third assignment of error is, accordingly, without merit.

The appellants next assert that the court below erred by relying upon the case of *Huggins* v. *John Morrell & Co., supra,* in its adjudication of the claim against Kroger as a matter of law. They reason that the case was clearly distinguishable, both procedurally and factually, from that which was before the court in the instant action and therefore provided "no basis for the relief sought by the Defendant Kroger Company, and erroneously granted by the trial court."

We note initially that there is nothing in the record to support the assertion that the case now cited by the appellants was accorded dispositive weight when judgment was awarded summarily in Kroger's favor. As we read the record, it is apparent that Kroger relied upon several cases in pursuing its motion for summary judgment, and the judgment entry states only that judgment was awarded "upon consideration of the pleadings, the Af-

fidavits and the Memorandum of counsel." Under these circumstances, we cannot say that the assignment of error as it is framed by the appellants is well-taken.

We note additionally that, although *Huggins, supra,* can be said to contain certain factual and procedural differences from a postural standpoint, the case does state an accepted rule of law that, when applied to the particular facts and circumstances of the instant case, left the appellants without foundation to rely upon the doctrine of *res ipsa loquitur* in resisting the motion for summary judgment filed on behalf of Kroger. To this extent, then, we are convinced that the court below would have been entitled to place some reliance upon the case for the purpose of making the adjudication from which this appeal derives.

In the remaining assignment of error, it is asserted that the award of summary judgment was contrary to law because there existed genuine issues of material fact with respect to Kroger's liability that prevented reasonable minds, in accordance with Civ. R. 56, from arriving only at a conclusion in Kroger's favor on the matter of liability.

We cannot agree. Our starting point is the accepted proposition that a retailer generally has no duty in law to inspect or test a particular product for latent defects, particularly where the product is sold to the consumer in the same condition that it was received from the manufacturer. *Landon* v. *Lee Motors, supra; Ross* v. *Spiegel, supra.*

In the instant case, the evidence before the court below demonstrated that there were no visible signs of defects in or damage to the catsup bottle; that the bottle was in the custody of Kroger at certain times before it was sold by Kroger; and that it was offered for sale in a standard packing box that had been stocked in a normal fashion on a display shelf in one of Kroger's stores. In addition, the appellants themselves admitted in the answer to interrogatories tendered to the court with the motion for summary judg-

ment that they had no particular evidence to support their claim of negligent handling and storage of the bottle beyond that which demonstrated that Kroger had custody of the bottle and sold it to them.

Certainly, it cannot be questioned that mere possession and sale of a product, in the absence of circumstances warranting application of the doctrine of *res ipsa loquitur,* are alone insufficient to permit even an inference of negligence in the handling or storage of a product. It is our conclusion, therefore, that where, as here, such evidence is accompanied by factual material that, even when viewed in a light most favorable to the plaintiffs, does nothing to demonstrate negligent handling or storage on the part of the retailer, the action against the retailer is properly terminated by summary judgment in accordance with Civ. R. 56.

The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

SHANNON, P.J., BLACK and KLUS-MEIER, JJ., concur.