SIGMON ET AL., APPELLANTS, *v.* BULLITT, APPELLEE; ETHICON, INC.

(No. C-860512—Decided
July 29, 1987.)

*Brown, Lippert & Heile, C. Donald Heile, H. Thomas Brown, Marquette D. Evans;* and *Peter W. Swenty,* for appellants Cleadieth G. Sigmon and Joyce A. Sigmon.

*Kohnen & Kohnen, James A. Hunt* and *Dennis R. Lapp,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

One of the plaintiffs-appellants, Cleadieth G. Sigmon ("Sigmon"), underwent a surgical procedure known as a right carotid endarterectomy at Good Samaritan Hospital in Cincinnati, Ohio. It is undisputed that several hours after the surgery, the suture placed by the surgeon in the carotid artery ruptured causing Sigmon severe and permanent disability in the form of brain damage.

The complaint alleged numerous bases for recovery in a single count against the named defendants. The manufacturer of the suture was sued under a products liability theory; the hospital was sued for negligent handling of the suture; the surgeon, who is the appellee in this case, was sued for negligence. Defendant-appellee, Dr. Elizabeth Bullitt ("Bullitt"), filed a motion for summary judgment which was granted by the trial court. In dismissing Bullitt from the action the court included a Civ. R. 54(B) determination that there was no just reason for delay in entering final judgment. Accordingly, Sigmon has appealed.

The sole assignment of error, based on the trial court's granting summary judgment, turns on the application of the doctrine of *res ipsa loquitur.* The doctrine is an evidentiary rule which permits, but does not require, an inference of negligence when the elements of the doctrine are shown. *Morgan* v. *Children's Hospital* (1985), 18 Ohio St. 3d 185, 18 OBR 253, 480 N.E. 2d 464.

To warrant the application of *res ipsa loquitur,* a plaintiff must adduce evidence in support of two conclusions: (1) that the instrumentality causing the injury was, at the time of the injury, or at the time of creation of the condition causing the injury, under the exclusive control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events, it would not have occurred if ordinary care had been observed. *Hake* v. *Wiedemann Brewing Co.* (1970), 23 Ohio St. 2d 65, 52 O.O. 2d 366, 262 N.E. 2d 703.

The first part of the test is concerned with the "instrumentality," in this case, the suture. In the complaint Sigmon makes three allegations to meet the first part of the test. The first is that Bullitt was somehow negligent in handling the suture. The second is that the hospital or its employees were negligent in handling the suture. The third is that the suture was unreasonably dangerous in that it would not withstand the normal pressures of the usage for which it was designed.

In order for the doctrine of *res ipsa loquitur* to apply, it must be assumed that the instrumentality is not, independently of the user, a possible cause of the injury. Sigmon alleges in his complaint that the suture was unreasonably dangerous for the use for

which it was designed, and that it was negligently handled. Thus, there are two equally efficient and probable causes of the injury. The Ohio Supreme Court has held that where it is shown by the evidence that two equally efficient and probable causes of an injury exist, one of which is not attributable to the negligence of the defendant, the doctrine of *res ipsa loquitur* does not apply. *Jennings Buick, Inc.* v. *Cincinnati* (1980), 63 Ohio St. 2d 167, 17 O.O. 3d 102, 406 N.E. 2d 1385. If the suture was unreasonably dangerous, then it could have caused the injury absent any negligence on the part of the doctor.

Moreover, cases which support the general proposition that the breaking of an instrument during its use is not sufficient, in itself, to render the doctrine of *res ipsa loquitur* applicable as evidence of the negligence of the user are collected in Annotation (1962), 82 A.L.R. 2d 1262. *Williams* v. *Chamberlain* (Mo. 1958), 316 S.W. 2d 505 (needle breaking while attempting to inject tetanus antitoxin into plaintiff's spinal canal not sufficient for application of *res ipsa loquitur*); *Kaplan* v. *State* (1950), 198 Misc. 62, 95 N.Y. Supp. 2d 890, affirmed (1950), 277 App. Div. 1065, 100 N.Y. Supp. 2d 693 (drill bit breaking while drilling holes in bone for pins not sufficient for application of *res ipsa loquitur*); *Hine* v. *Fox* (Fla. 1956), 89 So. 2d 13 (electric cautery instrument breaking and a hot blade falling on plaintiff not sufficient for application of *res ipsa loquitur*). The rationale of these cases is. that the breakage might well be caused by some other factor than an improper or negligent use of the instrument.

If it is true that the suture was improperly manufactured or designed, it would be grossly unfair to require Bullitt to prove that fact to rebut the permissive inference of negligence. To allow the application of the doctrine in

such a case would allow a presumption of negligence merely from the fact of an unfortunate medical result, something which has been consistently held improper. *Oberlin* v. *Friedman* (1965), 5 Ohio St. 2d 1, 34 O.O. 2d 1, 213 N.E. 2d 168.

Therefore, in a very real way Bullitt did not have exclusive control of the suture. In a similar situation, a plaintiff, after being injured by an exploding catsup bottle, charged a supermarket with negligence. The plaintiff also alleged the manufacturer had negligently bottled the catsup. We said that:

"In choosing to assert a separate ·claim against the manufacturer of the catsup * * *, the appellants put themselves in a position totally at odds with the application of the doctrine of *res ipsa loquitur* by making it clear to any reasonable mind that the bottle could have been mishandled or tampered with at a time when it was out of the possession and control of [the supermarket]." *Ramsey* v. *Del Monte Corp.* (1983), 9 Ohio App. 3d 103, 104-105, 9 OBR 155, 157, 458 N.E. 2d 455, 457.

While it is undisputed that the suture was the instrumentality that caused the injury, we find that the second part of the *Hake* test was not met by Sigmon. If the injury were the result of a defective or improperly manufactured suture, then the injury would have occurred even if ordinary care had been observed by Bullitt. Thus, the trial court was correct in ruling the doctrine inapplicable, Sigmon failed to establish a genuine issue of material fact relative to the alleged malpractice of Bullitt and summary judgment was appropriately entered.

In passing, we note that Sigmon, in oral argument, suggested that Bullitt should have examined the suture to be sure that it was suitable for the application in this particular situation. This may or may not be true,

but Sigmon failed to establish this standard of care. *Res ipsa loquitur* would have no application in this situation. The standard of care could be established only by expert testimony.

The judgment is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., DOAN and UTZ, JJ., concur.