DECISION AND JUDGMENT ENTRY
This is an appeal from an order granting summary judgment in favor of appellees, River Valley Health Systems and Dr. Jerry A. Mayer, D.M.D.
In July 1998, the appellant underwent total knee arthroplasty surgery at River Valley Health Systems (River Valley) under the services of Dr. David Herr, O.D., an orthopedic surgeon, and Dr. Rintoul, an anesthesiologist. During the course of the surgery, two of the appellant's teeth were dislodged. All of appellant's teeth were decayed at the gum line prior to his admission to River Valley. Dr. Jerry A. Mayer, D.M.D. (Dr. Mayer) examined the appellant's dislodged teeth following surgery and referred him to Dr. Jeter, a dentist, for treatment. Dr. Jeter performed a restoration procedure, but the teeth did not hold. Appellant was released from care without successful replacement of his teeth.
The appellant initiated his medical malpractice claim against appellees alleging that Dr. Mayer was negligent for failing to repair his dislodged teeth, and that River Valley was vicariously liable under the doctrine of respondent superior and/or agency by estoppel. The appellees moved for, and were granted, summary judgment. The appellant filed a timely notice of appeal raising the following assignments of error:
 I. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO RIVER VALLEY HEALTH SYSTEMS.
 II. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO DR. JERRY A. MAYER, D.M.D.
We review a trial court's decision to grant summary judgment on a de novo basis. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same criteria as the trial court, which is the standard contained in Civ.R. 56. Lorain Natl. Bank v. Saratoga Apts. (1989)61 Ohio App.3d 127, 129. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to one conclusion when viewing the evidence in favor of the non-moving party, and that conclusion is adverse to the non-moving party. SeeGrafton, supra.
The party moving for summary judgment has the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. To meet its burden, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written stipulations of fact, if any," which affirmatively demonstrate that the non-moving party has no evidence to support the non-moving party's claims. Civ.R. 56(C); id.
If the moving party satisfies its burden, then the burden shifts to the non-moving party to offer specific facts showing a genuine issue for trial. Civ.R. 56(E); Dresher, supra. The non-moving party must come forward with documentary evidence rather than resting on unsupported allegations in the pleadings. Kascak v. Diemer (1996), 112 Ohio App.3d 635,638. A trial court may grant a properly supported motion for summary judgment if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing the existence of a genuine issue for trial. Mayes v. Holman (1996),76 Ohio St.3d 147.
In order to establish a cause of action for medical malpractice, the plaintiff "must show the existence of a standard of care within the medical community, breach of that standard of care by the defendant, and proximate cause between the medical negligence and the injury sustained."Taylor v. McCullough-Hyde Memorial Hospital (1996), 116 Ohio App.3d 595,599, citing Bruni v. Tatsumi (1976), 46 Ohio St.2d 127, 131-132. Expert testimony is generally required to prove the elements of medical malpractice whenever they are beyond the common knowledge and understanding of the jury. Clark v. Doe (1997), 119 Ohio App.3d 296,307; Taylor, supra. Once expert testimony is produced in support of a summary judgment motion, the non-movant must submit contrary expert testimony to withstand the summary judgment, unless the standard of care is so obvious that non-professionals can reasonably evaluate the defendant's conduct. Lawson v. Song (Sept. 23, 1997), Scioto App. No. 97-CA-2480, unreported, citing Whiteleather v. Yosowitz (1983),10 Ohio App.3d 272.
In this case, Dr. Mayer submitted his own affidavit in support of summary judgment establishing his qualifications by education, training and experience; and averring that he met all the accepted standards of care for oral and maxillofacial surgeons in like or similar circumstances in his care of appellant, and that he committed no act or omission below such standards. With submission of his affidavit, Dr. Mayer met his burden under Dresher to show that appellant has no evidence to support his malpractice claim against him. See Kamenar v. Radiology Associates ofBarberton, Inc. (Apr. 23, 1997), Summit App. No. 17957, unreported, citing Hoffman v. Davidson (1987), 31 Ohio St.3d 60, 62
(Defendant-doctor's own affidavit is sufficient to establish appropriate standard of care when no opposing medical expert testimony is presented).
Appellant did not present expert testimony in opposition to Dr. Mayer's summary judgment motion. Instead, appellant contends that the standard of care with regard to Dr. Mayer is so obvious that non-professionals can reasonably evaluate his conduct without further evidence. This argument is meritless. Due to the nature of a medical malpractice claim, it is only in rare cases that the need for expert testimony is obviated, and this is not one of them. Appellant's claim against Dr. Mayer relates to his examination of his dislodged teeth and his referral to Dr. Jeter. A physician has a duty to diagnose and prescribe treatment within the ordinary standard of care. See Berdyck v. Shinde (1993), 66 Ohio St.3d 573,583. However, the standard for diagnosing and treating dislodged teeth is not a matter of common knowledge to a layperson. As such, appellant was required to produce expert testimony regarding the standard of care in this particular case, and Dr. Mayer's departure from that standard. Because the appellant failed to come forward with evidence creating a genuine issue for trial, appellant's second assignment of error is overruled.
Turning to the grant of summary judgment in favor of River Valley, appellant argues that River Valley is liable under the doctrine of respondent superior. Under this doctrine, a hospital as an employer can be held vicariously liable for the torts of its employees or agents. SeeCostell v. Toledo Hospital (1994), 98 Ohio App.3d 586. The doctrine generally does not apply to an independent contractor over whom an employer retains no right to control the mode and manner of doing the contracted-for work. See Councell v. Douglas (1955), 163 Ohio St. 292,295-296. However, Ohio has adopted an agency-by-estoppel exception for hospital vicarious liability for negligence of independent practitioners with whom the hospital contracts, but over whom it retains no right to control. Clark v. Southview Hosp. Family Health Ctr. (1994),68 Ohio St.3d 435. Under the Clark exception, a plaintiff must establish that: (1) the hospital held itself out to the public as a provider of medical services; and (2) in the absence of notice or knowledge to the contrary, the plaintiff looked to the hospital as opposed to an individual practitioner to provide competent medical care. Id.
In this case, River Valley submitted the affidavit testimony of its Risk Manager, Jean Kelly, R.N., in support of its motion for summary judgment. Ms. Kelly testified that at no time were the named physicians or dentists River Valley employees, servants and/or agents; nor did River Valley hold out or represent that they were employees, servants and/or agents of the hospital. In addition, River Valley incorporated by reference Dr. Herr's arguments and affidavit contained in his summary judgment motion, which included Dr. Herr's opinion that he had met the requisite standard of care in his treatment of appellant. River Valley met its burden under Dresher with this evidence.
In opposition to River Valley's summary judgment motion, appellant submitted his own affidavit and relied on the doctrines of agency by estoppel and res ipsa loquitur to establish liability on the part of River Valley. Appellant did not present any evidence to establish an actual agency relationship between River Valley and his treating physicians or dentists. Nor did appellant present expert testimony on the issue of negligence.
In his affidavit, the appellant testified that he was referred to River Valley for emergency room treatment by Dr. Canos at the Lawrence County Jail where he was incarcerated. He testified that although Dr. Canos is listed as his family physician in medical records, Dr. Canos was not his family physician, but rather a physician on duty at the jail. Appellant stated that he sought medical care from River Valley as a provider of medical services and made no affirmative choice of physicians after arriving at River Valley. He did not specifically seek out care with Dr. Herr, but merely accepted whatever care was provided. He stated that he was under the impression that all physicians that attended him were part and parcel of the River Valley Health System, and that he was never given notice that any of the doctors or dentists were independent of River Valley.
Applying Clark, we find that the appellant failed to present sufficient evidence to meet the second element of agency-by-estoppel and that the trial court did not err by granting summary judgment in favor of River Valley. The appellant's affidavit does not establish that he looked to River Valley as opposed to an individual practitioner to provide competent medical care. The appellant sought treatment with the physician on duty at the jail, Dr. Canos. There is no evidence that the appellant requested treatment at River Valley. There is also no evidence that River Valley arranged for appellant's care, or provided him with his treating physicians once he arrived for treatment. Medical records indicated that Dr. Herr saw appellant on three occasions prior to scheduling surgery, and that he was admitted to River Valley for knee surgery "under the services of Dr. Herr."
It is not determinative under the Clark analysis that the appellant believed his physicians were employees or agents of River Valley, or that he did not specifically seek out care from Dr. Herr. The key issue is whether he looked to the hospital for care, or merely viewed it as the situs for his treatment. Wise v. Qualified Emergency Specialist, Inc.
(Dec. 17, 1999), Hamilton App. No. C-980802, unreported, citing Clark,supra.
Construing the evidence in appellant's favor, reasonable minds could come to one conclusion, and that is that the appellant did not rely on River Valley for care; but rather, looked to Dr. Canos for treatment who then referred appellant to practitioners at River Valley. There is no evidence to show that the appellant viewed River Valley as anything other than the situs of his referral treatment from Dr. Canos. Therefore, the trial court properly granted River Valley's summary judgment motion. See, e.g., Cox v. Ohio State Univ. Hospitals (1996), 117 Ohio App.3d 254.
Alternatively, even if the appellant had submitted sufficient evidence of River Valley's liability via agency by estoppel, the trial court's grant of summary judgment would still be affirmed since the appellant failed to establish negligence.
In order to benefit under the doctrine of res ipsa loquitur, a plaintiff must show that: (1) the instrumentality causing the injury was under the exclusive control of the defendant; and (2) the injury occurred under such circumstances that in the ordinary course of events it would not have occurred in the absence of negligence. Becker v. Lake Cty. Mem.Hosp. West (1990), 53 Ohio St.3d 202, 203. In this case, the appellant failed to present any evidence, expert or otherwise, to warrant application of the doctrine of res ipsa loquitur. Appellant argues that negligence can reasonably be inferred as the cause of his injury based on the facts surrounding the incident. We do not agree.
Res ipsa loquitur is an evidentiary device that allows a reasonable inference of negligence to be made based on circumstantial evidence. SeeJennings Buick, Inc. v. Cincinnati (1980), 63 Ohio St.2d 167. Res ipsa loquitur is not applicable when the " * * * facts are such that an inference that the accident was due to a cause other than the defendant's negligence could be drawn as reasonably as that it was due to his negligence." Loomis v. Toledo Railways Light Co. (1923),107 Ohio St. 161, 170. In other words, there must be some evidence to allow for a reasonable inference that the injury was the result of negligence. See Anderson v. Motta (1991), 73 Ohio App.3d 1. If it is not within the common knowledge of a layperson, then expert testimony is necessarily required to establish the probability that the injury would not have occurred absent negligence. Johnson v. Hammond (1988),47 Ohio App.3d 125; see, also, Morgan v. Children's Hosp. (1985),18 Ohio St.3d 185.
The evidence submitted in this case establishes no more than that two of the appellant's teeth were dislodged during knee surgery performed by Dr. Herr, an orthopedic surgeon, and aided by Dr. Rintoul, an anesthesiologist. Given the decayed condition of the appellant's teeth at the time he was admitted for treatment, it is no less probable that his teeth were dislodged due to something other than the negligence of his physicians, such as grinding his teeth or natural decay, and that he would have lost his teeth regardless of any precautions taken by his physicians. On these facts, it cannot be said that negligence was readily apparent to a layperson based on the circumstances surrounding the injury.
Res ipsa loquitur does not change the nature of the plaintiff's claim in a negligence action; it is merely a method of proving the defendant's negligence through the use of circumstantial evidence. Jennings Buick,Inc., supra, at 170. If this case were allowed to go forward against River Valley based on the evidence submitted; health care providers could potentially be liable for injuries solely on a showing of an unfortunate occurrence during surgery. Oberlin v. Friedman (1965), 5 Ohio St.2d 1. That is clearly not the law in Ohio. See Morgan, supra; Schmidt v. Univ.of Cincinnati Med. Ctr. (1997), 117 Ohio App.3d 427; Sigmon v. Bullitt
(1987), 39 Ohio App.3d 116; and Hunter v. Children's Med. Ctr. (Dec. 18, 1998), Montgomery App. No. 17103, unreported.
Therefore, we find that, in addition to failing to establish vicarious liability, the appellant failed to present sufficient evidence of negligence to withstand summary judgment in favor of River Valley.
For all the foregoing reasons, the trial court's judgment is affirmed as to both appellees.
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Evans, J.: Concur in Judgment and Opinion.
 _______________________ William H. Harsha, Judge