Donofrio, J.
{¶ 1} Plaintiff-appellant, the Ohio Turnpike and Infrastructure Commission, appeals the Mahoning County Area Court No. 5 judgment granting summary judgment on its negligence and negligence per se claims in favor of defendant-appellee, Christopher Vlasach.
{¶ 2} Appellee resides in McKees Rocks, Pennsylvania. On July 20, 2015, appellee was operating his 1995 Mercedes Benz 600 Series on the Ohio Turnpike. At approximately 11:00 a.m., appellee's car caught on fire while it was on the turnpike. The fire department arrived shortly afterwards and contained the fire. While the car was on fire, it emitted discharges which damaged the road.
{¶ 3} Appellant had the damage to the road repaired. The total amount of the repair was $14,882.76.
{¶ 4} On January 9, 2017, appellant filed this action against appellee seeking the costs of the repairs to the road. Appellant raised two claims: one for negligence and one for negligence per se. Appellant's negligence claim asserted that appellee had a duty to maintain his car, appellee breached that duty when he did not properly maintain his car and the car caught on fire, and the fire proximately caused damage to the road. Appellant's negligence per se claim asserted that appellee's operation of his car was a violation of R.C. 4513.02 and that the said violation proximately caused damage to the road.
{¶ 5} Appellee filed a motion for summary judgment. Appellee's motion made three arguments. First, appellee argued that he owed no duty to appellant because the injury to the road by way of appellee's car catching on fire was unforeseeable. Second, appellee argued that his car was state certified for safe operation approximately three months prior to the car fire. Third, appellee argued that R.C. 4513.02 is *108 a general duty statute and is inapplicable to negligence per se claims.
{¶ 6} Appellant filed a response to appellee's motion for summary judgment. Appellant argued that appellee was the sole owner and operator of the car. As the sole owner and operator, appellant argued that appellee had a common law duty to properly maintain his car which was breached when it was not properly maintained and caught fire. Appellant argued that appellee had a statutory duty pursuant to R.C. 4513.02 and Ohio Admin.Code 5537-5-01(C) to not operate an unsafe vehicle on public roads. Appellant additionally argued that under the doctrine of res ipsa loquitur, an inference of appellee's negligence should be permitted.
{¶ 7} The trial court granted appellee's motion for summary judgment. It noted that appellant's responses to summary judgment contained only one exhibit, an affidavit. This affidavit only addressed a discovery dispute. Based on a review of the pleadings and filings relating to summary judgment, the trial court granted appellee's motion. Appellant timely filed this appeal on September 12, 2017. It raises three assignments of error.
{¶ 8} Appellant's first assignment of error states:
THE TRIAL COURT'S ORDER GRANTING SUMMARY JUDGMENT LEAVES ALMOST NOTHING TO REVIEW FROM ITS TEXT AND TURNS THIS COURT INTO A TRIAL COURT ON REVIEW.
{¶ 9} Appellant argues that it is unclear whether the trial court thoroughly examined all of the materials before making its ruling on summary judgment and argues that the trial court's failure to explain its reasoning on why it granted summary judgment effectively turns this Court into another trial court to conduct said review.
{¶ 10} Appellant cites this Court's decision in Scassa v. Dye , 7th Dist. No. 02CA0779, 2003-Ohio-3480, 2003 WL 21500292. In Scassa , this Court held that a trial court is required to consider all of the evidence before it when ruling on a motion for summary judgment. Id. at ¶ 20 quoting Murphy v. Reynoldsburg , 65 Ohio St.3d 356, 604 N.E.2d 138 (1992). This Court went on to encourage trial courts "not to abandon [their] duty, but to continue to explain [their] reasoning when granting summary judgment". Scassa at ¶ 21.
{¶ 11} This Court did not hold that a trial court must explain its reasoning for granting summary judgment. And while explaining its reasoning is preferred, an explanation of why a trial court granted summary judgment is not required. In re T.B.Y. v. Martins Ferry , 7th Dist., 2016-Ohio-8482, 78 N.E.3d 242, ¶ 33 ; Civ.R. 52.
{¶ 12} Furthermore, in Murphy , the Ohio Supreme Court held that it was improper for a trial court to grant summary judgment when it did not review any of the summary judgment filings and made its ruling solely on arguments presented at a summary judgment hearing. Murphy, at 360, 604 N.E.2d 138. In this case, the trial court's judgment entry indicates that it reviewed the summary judgment filings. Because a trial court is not required to explain its reasoning regarding a summary judgment ruling and because the trial court reviewed all of the summary judgment filings, there is no error by the trial court in not explaining its reasoning for granting summary judgment.
{¶ 13} Accordingly, appellant's first assignment of error lacks merit and is overruled.
{¶ 14} For ease of discussion, we will address appellant's second and third assignments of error together. Both assignments *109 of error assert summary judgment was improper and both are governed by the same standard of review
{¶ 15} An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. Ohio Govt. Risk Mgt. Plan v. Harrison , 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶ 5. A motion for summary judgment is properly granted if the court, upon viewing the evidence in a light most favorable to the nonmoving party, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to judgment as a matter of law, and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ.R. 56(C) ; Byrd v. Smith , 110 Ohio St. 3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10.
{¶ 16} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt , 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). The trial court's decision must be based upon "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C). The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. Id. at 293, 662 N.E.2d 264.
{¶ 17} In Dresher , the Ohio Supreme Court held that a party who moves for summary judgment need not support its motion with affidavits provided that the party does not bear the burden of proof on the issues contained in the motion. Dresher at 277, 662 N.E.2d 264. Further, there is no requirement in Civ.R. 56 that any party submit affidavits to support a motion for summary judgment. See, e.g., Civ.R. 56(A) and (B). Id. However, there is a requirement that a moving party, in support of a summary judgment motion, specifically point to something in the record that comports with the evidentiary materials set forth in Civ.R. 56(C). Id.
{¶ 18} Summary judgment is appropriate when there is no genuine issue as to any material fact. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon & Assoc., Inc., 104 Ohio App.3d, 598, 603, 662 N.E.2d 1088 (8th Dist. 1995), citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
{¶ 19} It is with this standard of review in mind that we turn to appellant's second and third assignments of error.
{¶ 20} Appellant's second assignment of error states:
THE TRIAL COURT ERRED IN GRANTING MR. VLASACH'S MOTION FOR SUMMARY JUDGMENT AS TO THE NEGLIGENCE CLAIM.
{¶ 21} Appellant's third assignment of error states:
THE TRIAL COURT ERRED IN GRANTING MR. VLASACH'S MOTION FOR SUMMARY JUDGMENT AS TO THE NEGLIGENCE PER SE CLAIM.
{¶ 22} Appellant argues that it was able to satisfy its summary judgment burden regarding the elements of its negligence claim. Appellant argues that a revised code section and an administrative code section provide an appropriate statutory basis for its claim of negligence per se against appellee. Appellant also argues that appellee had a duty to maintain his vehicle for safe *110 operation and that res ipsa loquitur applies to the remaining negligence elements.
{¶ 23} Generally, the elements of a negligence claim are: (1) the existence of a duty owed by the defendant to the plaintiff; (2) breach of the duty; (3) harm to the plaintiff caused by the breach; and (4) damages. Lagowski v. Shelly & Sands, Inc. , 7th Dist. No. 13 BE 21, 2015-Ohio-2685, 38 N.E.3d 456 ¶ 7 citing Anderson v. St. Francis-St. George Hosp., Inc. , 77 Ohio St.3d 82, 84, 671 N.E.2d 225 (1996). A duty can be established by common law, legislative enactment, or by the particular facts and circumstances of the case. Chambers v. St. Mary's School , 82 Ohio St.3d 563, 697 N.E.2d 198 (1998), citing Eisenhuth v. Moneyhon , 161 Ohio St. 367, 53 O.O. 274, 119 N.E.2d 440 (1954), paragraph one of the syllabus.
{¶ 24} The Ohio Supreme Court has recognized that when a legislative enactment imposes a specific duty for the safety of others, the failure to perform that duty constitutes negligence per se. Id. , citing Eisenhuth at paragraph two of the syllabus. "Application of negligence per se in a tort action means that the plaintiff has conclusively established that the defendant breached the duty that he or she owed to the plaintiff. It is not a finding of liability per se because the plaintiff will also have to prove proximate cause and damages." Id. , citing Pond v. Leslein , 72 Ohio St.3d 50, 53, 647 N.E.2d 477 (1995).
{¶ 25} Stated otherwise, the application of negligence per se reduces the elements that the plaintiff must prove in a negligence action because it proves that the plaintiff breached a duty. Id. at 566, 697 N.E.2d 198, citing Hernandez v. Martin Chevrolet, Inc. , 72 Ohio St.3d 302, 304, 649 N.E.2d 1215 (1995). The plaintiff must then only prove causation and damages.
{¶ 26} Appellant argues that appellee had a duty to not drive an unsafe vehicle on a highway. Appellant argues that R.C. 4513.02(A) imposed a specific duty on appellee to not drive an unsafe vehicle on the highway. It provides: "No person shall drive or move * * * on any highway any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person." R.C. 4513.02(A).
{¶ 27} Several appellate courts have determined, however, that R.C. 4513.02(A) is a general duty statute and does not create a specific standard of care for negligence claims. For instance in Woods v. Ohio Dept. of Rehab. & Corr. , 132 Ohio App.3d 780, 726 N.E.2d 547 (10th Dist.1999), the Tenth District held that R.C. 4513.02(A) is a general duty statute which is inapplicable for negligence per se claims. Id. at 783, 726 N.E.2d 547. It pointed out that the duty in R.C. 4513.02(A) is undefined and a jury would have to apply general negligence principles to determine whether R.C. 4513.02(A) was violated. Id. at 783-784, 726 N.E.2d 547. Both the Sixth and Ninth Districts have also held that R.C. 4513.02(A) is a general duty statute and is therefore inapplicable to negligence per se claims. Masterson v. Kerzan , 6th Dist. No. WD-94-066, 1995 WL 136449 ; Spence v. Oberlin Laundry & Dry Cleaners, Inc. , 9th Dist. No. 97CA006913, 1998 WL 696849.
{¶ 28} Thus, R.C. 4513.02(A) did not create a specific duty giving rise to negligence per se in this case.
{¶ 29} Next, appellant argues that Ohio Admin.Code 5537-5-01(C) provides an appropriate basis for establishing negligence per se.
{¶ 30} Ohio Admin.Code 5537-5-01(C) provides, "[n]o material shall be discharged on turnpike property, whether intentionally or unintentionally, that may cause damage to the turnpike, the general *111 public, the Commission, its agents and employees, or any real or personal property owned, leased or under the supervision of the Commission".
{¶ 31} This court has held that violations of the Ohio Administrative Code do not constitute negligence per se as negligence per se deals with violations of statutes. Fediaczko v. Mahoning Cty. Children Servs. , 7th Dist. No. 11 MA 186, 2012-Ohio-6090, 2012 WL 6679848, ¶ 38-39 citing Chambers , 82 Ohio St.3d at 566-68, 697 N.E.2d 198. A violation of the Ohio Administrative Code can only be admissible as evidence of negligence. Id. at ¶ 40. Therefore, Admin.Code 5537-5-01(C) cannot give rise to negligence per se.
{¶ 32} Since appellant does not have a basis to establish negligence per se, we must examine its claim under general negligence principles to determine whether appellee owed a duty to appellant and breached that duty.
{¶ 33} Whether a defendant owes a duty to a plaintiff poses a legal question that depends upon the foreseeability of the plaintiff's injury. Lagowski v. Shelly & Sands, Inc ., 7th Dist. No. 13 BE 21, 2015-Ohio-2685, 38 N.E.3d 456, ¶ 7, citing Menifee v. Ohio Welding Products, Inc. , 15 Ohio St.3d 75, 472 N.E.2d 707 (1984).
{¶ 34} Appellee argues that he did not owe a duty to appellant because the injury was unforeseeable. Appellee cites the Ohio Supreme Court's decision in Menifee , supra, where the Court held that absent knowledge required to prevent injury, a party cannot foresee or reasonably anticipate an injury and therefore cannot be held liable for negligence. Id. at 77, 472 N.E.2d 707. "The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." Id.
{¶ 35} Appellee argues that the injury appellant sustained was unforeseeable because appellee's car was inspected pursuant to Pennsylvania law. Pursuant to 75 Pa.C.S. 4104 et seq., all Pennsylvania cars are subject to mandatory annual inspections. Appellee attached an affidavit to his motion for summary judgment. His affidavit states that a few months prior to his car catching on fire, he took his car in for its annual inspection. (Vlasach Aff. ¶ 8). His vehicle passed inspection subject to purchasing new tires which he immediately did. (Vlasach Aff. ¶ 9-10). Between the inspection and the fire, appellee operated his car only once or twice. (Vlasach Aff. ¶ 11).
{¶ 36} This satisfies the Menifee foreseeability test. Appellee had his car inspected pursuant to Pennsylvania law. Appellee's car passed the inspection subject to buying new tires, which he did. Appellee acted as a reasonably prudent person with regard to maintaining his car and could not foresee under the circumstances that his car would catch fire and damage the highway. Therefore, appellee owed no duty to appellant under the foreseeability test.
{¶ 37} Finally, appellant argues that the doctrine of res ipsa loquitur establishes the negligence elements.
{¶ 38} The doctrine of res ipsa loquitur is an evidentiary device that allows, but does not require, the fact-finder to draw an inference of negligence from the facts presented. Sigmon v. Bullitt , 39 Ohio App.3d 116, 117, 529 N.E.2d 1388 (1st Dist.1987). To merit application of the rule "a plaintiff must adduce evidence in support of two conclusions: (1) that the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances *112 that in the ordinary course of events it would not have occurred if ordinary care had been observed." Morgan v. Children's Hosp. , 18 Ohio St.3d 185, 187-188, 480 N.E.2d 464 (1985) quoting Hake v. Wiedemann Brewing Co. , 23 Ohio St.2d 65, 66-67, 262 N.E.2d 703 (1970). See also , Eannottie v. Carriage Inn of Steubenville , 155 Ohio App.3d 57, 2003-Ohio-5310, 799 N.E.2d 189 (7th Dist.) at ¶ 42. Whether sufficient evidence exists to warrant the application of res ipsa loquitur is for the court's determination, as a matter of law. Becker v. Lake Cty. Mem. Hosp. W. , 53 Ohio St.3d 202, 203, 560 N.E.2d 165 (1990).
{¶ 39} Appellant argues that appellee had exclusive control of the car as he had title and possession of the car and he alone had the power to prevent the fire. Appellant argues that res ipsa loquitur is appropriate because cars do not spontaneously combust.
{¶ 40} In response, appellee argues that under the doctrine of res ipsa loquitur, appellant bears the burden of eliminating other possible causes of the fire. Appellee cites two cases in support of this argument.
{¶ 41} First, appellee cites Ray v. Wal-Mart Stores, Inc. , 4th Dist. No., 2013-Ohio-2684, 993 N.E.2d 808. In Ray , the Fourth District held that res ipsa does not apply when a plaintiff fails to eliminate the possibility that a third party created the hazard. Id. at ¶ 62. Second, appellee cites Jennings Buick, Inc. v. Cincinnati , 63 Ohio St.2d 167, 406 N.E.2d 1385 (1980). In Jennings Buick , the Ohio Supreme Court held that where there are two equally probable causes of injury, one of which is not attributable to the negligence of the defendant, res ipsa does not apply. Id. at 173, 406 N.E.2d 1385 citing Loomis v. Toledo Railways & Light Co. , 107 Ohio St. 161, 140 N.E. 639 (1923).
{¶ 42} In appellant's response to summary judgment, it argued that appellee was the sole owner of the car and therefore had the sole power to prevent it from catching on fire. Appellant also argued that reasonable minds understand the importance of maintaining a car and failure to do so could lead to the car catching on fire. But appellant's responses to appellee's motion for summary judgment did not satisfy the summary judgment burden pursuant to Dresher , supra, and Civ.R. 56(C). Appellant did not offer any affidavits or exhibits that would eliminate potential third-party causes of the fire.
{¶ 43} Additionally, this district follows the rule that a plaintiff must demonstrate that the only cause of an injury was the defendant's negligence in order for res ipsa loquitur to apply. Klasic v. Time Warner Entertainment Co., LP , 7th Dist. No. 06 MA 49, 2007-Ohio-1125, 2007 WL 755382, ¶ 23-24. Because appellant did not put forth evidence to negate any other cause of the car fire, the doctrine of res ipsa loquitur is inapplicable here.
{¶ 44} In sum, the trial court properly granted summary judgment in favor of appellee.
{¶ 45} Accordingly, appellant's second and third assignments of error lack merit and are overruled.
{¶ 46} For the reasons stated above, the trial court's judgment is hereby affirmed.
Robb, P.J., concurs
Waite, J., concurs